# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES--GENERAL**

Case No.  **CV 23-5567-FMO (JPRx)**                            Date: **March 7, 2024**
Title: **World Tech Toys, Inc. v. CVS Pharmacy, Inc.**

===================================================================

**DOCKET ENTRY: Order to Plaintiff's Counsel to Show Cause re Failure to Appear**

===================================================================

PRESENT:

**HON. JEAN P. ROSENBLUTH, U.S. MAGISTRATE JUDGE**

| Bea Martinez | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:           ATTORNEYS PRESENT FOR DEFENDANTS:
          None present                                                 None present

**PROCEEDINGS: (IN CHAMBERS)**

On February 14, 2024, Plaintiff moved to compel Defendant to produce additional discovery, setting the hearing to take place on March 7, 2024, "in Courtroom 880 of the . . . Roybal Federal Building and United States Courthouse, 255 East Temple Street, Los Angeles, California 90012 at 10:00 a.m." (Notice Mot. at 1.) Plaintiff's counsel did not appear on that date and time. At 10:11 a.m., when Plaintiff's counsel had neither shown up nor contacted the Court about any delay, the Court called the matter and indicated that it would order Plaintiff's counsel to show cause in writing why he did not appear. He is ORDERED to do so no later than Monday, March 11, 2024, showing cause why he should not be sanctioned $750 and ordered to pay Defendant's expenses in having to appear at the aborted hearing. Any facts supporting any argument for why he should not be sanctioned must be sworn to in a declaration under penalty of perjury.[1]

---

[1] Apparently after Defendant's counsel contacted him after the hearing to ask why he had not appeared, Plaintiff's counsel emailed the Court to explain why he was not there. Leaving aside that there were numerous problems with Plaintiff's counsel's explanation — not least that he set the hearing to take place in person and that, absent during the panedemic, when special rules were in place that have since been rescinded, the presumption in federal court has always been that hearings take place in person and cameras are not allowed — an email is not an

MINUTES FORM 11                                                           Initials of Deputy Clerk: bm
CIVIL-GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No. **CV 23-5567-FMO (JPRx)**  March 7, 2024
Page 2

------------------------------------------------------------

The Court notes that failing to appear at the hearing is not the only way Plaintiff's counsel has made the Court's job more difficult in adjudicating the motion to compel. For instance, Plaintiff's lead argument in the motion — which is almost 300 pages long and covers dozens of discovery disputes — is that Defendant didn't provide a privilege log in compliance with the parties' agreed timing. After Defendant pointed out that it had in fact, Plaintiff simply ignored the issue in its supplemental memorandum, leaving the Court to guess at what the true facts were. If counsel discovered that he was in fact wrong about that, as it appears, he should have corrected himself the first chance he had.

Similarly, Plaintiff argues in the motion that because its only dealings with Defendant concerned face masks, Defendant wouldn't have to spend time sorting through documents meeting various search terms because they would all be responsive to the requests for production at issue. When Defendant pointed out that in fact it had purchased toys and face-mask holders from Plaintiff in addition to face masks, Plaintiff didn't clarify the issue in its supplemental memorandum, once again leaving the Court to guess at the true facts. Finally, apparently because he did not carefully read the Court's practices and procedures or Defendant's supplemental memorandum, Plaintiff's counsel moved to strike that memorandum for frivolous reasons. At least in that instance Plaintiff three days later withdrew the motion to strike, but not before the Court had already spent time reading and considering it.

Regardless of how the Court rules after Plaintiff's counsel shows cause, if he has any, he must meet and confer with Defendant to attempt to resolve the discovery motion in good faith, in the spirit of compromise, and in light of the numerous failings in the motion.

cc: Judge Olguin

---

appropriate way to respond to an order to show cause.

MINUTES FORM 11  Initials of Deputy Clerk: bm
CIVIL-GEN